**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No. 26-42657

Christian Andrew Smith

Chapter 7

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

---

On August 11, 2026, Christian Andrew Smith filed a petition for chapter 7 bankruptcy relief. Mr. Smith filed a credit counseling certificate showing that he completed the course more than 180 days before the case was filed, so it did not comply with 11 U.S.C. § 109(h).

Mr. Smith then filed an additional Credit Counseling certificate showing that he completed the course a second time on August 21, 2026, just over a week after he filed bankruptcy. Pursuant to 11 U.S.C. § 109(h) an individual may not be a debtor unless he or she receives credit counseling services within 180 days prior to the petition date, subject to certain exceptions that were not claimed in the petition.11 U.S.C. §§ 109(h)(3) and (h)(4).

When a petition and related submissions demonstrate a lack of eligibility under Section 109(h), "there is cause to dismiss…without further delay." In re LaPorta, 332 B.R. 879, 883 (Bankr. D. Minn. 2005); see also, In re Hedquist, 342 B.R. 295, 298 (B.A.P. 8th Cir. BAP 2006) (finding that the "requirements of section 109(h) are mandatory: failure to meet them is a 'fatal flaw' rendering an individual debtor ineligible for bankruptcy relief").

Mr. Smith cannot cure the deficiency by obtaining the services after the petition date. In re Duncan, 418 B.R. 278 (8th Cir. BAP 2009) (affirming dismissal of bankruptcy

despite debtors obtaining credit counseling shortly after filing petition); La Porta, 332 B.R. at 883-84 (stating that lack of eligibility is an "incurable" defect and that it "is unmistakable that Congress intended to make credit counseling a non-waivable prerequisite for going forward in bankruptcy.").

Therefore, based on the record,

IT IS ORDERED

1. Christian Andrew Smith is not presently eligible for relief as debtor under the Bankruptcy Code in this case.

2. The Clerk of Court is directed to dismiss this case, without prejudice to his right under governing law to file another petition for relief under the Bankruptcy Code.

3. The Debtor's request to pay the filing fee by installment is moot. Unless the Debtor can show authority to the contrary upon a future filing, the unpaid portion of his filing fee of $253.00 remains owing in this case.

Dated: *September 10, 2026*

s/ Mychal A. Bruggeman
Mychal A. Bruggeman
United States Bankruptcy Judge